IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 00-00174-02 DAE |
| Plaintiff, | ) | |
| vs. | ) | |
| MAAVE MAAVE, JR., | ) | |
| Defendant. | ) | |

ORDER APPOINTING THE FEDERAL PUBLIC
DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT

Defendant was convicted of Possession With Intent to Distribute and Distribution of Cocaine Base Within 1,000 Feet of a Playground, in violation of 21 U.S.C. § 860(a). Defendant pled guilty on June 23, 2000, and was sentenced on January 24, 2001, to a 188-month term of imprisonment.

On November 1, 2007, Amendment 706 became effective, allowing a reduction to the base offense level for most cocaine base ("crack") offenses.[1] On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively in U.S.S.G. Section 1B1.10(c),

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, which also was effective November 1, 2007.

effective March 3, 2008.  An amendment to the Guidelines may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993).

The amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in § 2D1.1 and provides a mechanism for determining the Guideline range for offenses involving crack cocaine and other controlled substances.

On February 4, 2008, Federal Public Defender Peter C. Wolff, Jr., received a letter from Defendant, pro se, requesting assistance in filing a motion to reduce sentence Pursuant to 18 U.S.C. § 3582(c)(2).  Because it is unclear whether Defendant's base offense level would be affected by Amendment 706, this Court finds that Defendant would be best served by having counsel appointed for him regarding this issue.  This Court hereby appoints the Federal Public Defenders Office as counsel, assuming they have no conflict of interest or that if there is a conflict that such conflict can be waived.  In the event there is a conflict, which

cannot be waived, the Court directs the Federal Public Defenders Office to so advise the Court, in which case the matter will be referred to a CJA counsel.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 8, 2008.



_____
David Alan Ezra
United States District Judge

<u>United States of America vs. Maave Maave, Jr.</u>, CR. No. 00-00174 DAE-02; ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER'S OFFICE AS COUNSEL FOR DEFENDANT